**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

| | |
|---|---|
| **GLOBAL ONE COMMUNICATIONS** | **5:01-CV-254** |
| **WORLD HOLDING B.V.,** | **(GLS/DRH)** |
| *Plaintiff,* | |
| v. | |
| **JEFFREY GAUL,** | |
| *Defendant.* | |

_____

**JEFFREY GAUL,**

    *Counter-Claimant,*

    v.

**GLOBAL ONE COMMUNICATIONS**
**WORLD HOLDING B.V.,**

    *Counter-Defendant.*
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFF/** | |
| **COUNTER-DEFENDANT:** | |
| ABELMAN, FRAYNE LAW FIRM | ANTHONY J. DiFILIPPI, ESQ. |
| 666 Third Avenue | |
| New York, New York 10017 | |
| **FOR THE DEFENDANT/** | |

**COUNTER-CLAIMANT:**

Jeffrey Gaul
Plaintiff, *Pro Se*
2279 Preisman Drive
Niskayuna, New York 12309

## ORDER

*Pro se* defendant and counter-claimant Jeffrey Gaul moves pursuant to Local Rule 7.1(g) for reconsideration of this court's April 5, 2007 oral decision dismissing Gaul's counterclaims against Global One Communications.  *See Dkt. No. 118.*  Gaul has also filed a document entitled "motion for legal clarification."  *See Dkt. No. 119*.  The court treats both submissions as a motion for reconsideration.

Furthermore, while the motion for reconsideration was under consideration, Gaul filed two more applications.  The first was addressed to Chief Judge Mordue, and appears to seek two-fold relief:  (1) an order striking an order of Judge Donald E. Walter from the docket of this case; and (2) legal advice.  *See Gaul Ltr.; Dkt. No. 121*.  The second is an application seeking recusal by this court for a variety of recited reasons, none of which have a basis in fact or support for the conclusions Mr. Gaul elects to draw.  For the following reasons, all motions are denied.

2

Motions for reconsideration proceed in the Northern District of New York under Local Rule 7.1(g).[1]  The moving party must "point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

"In order to prevail on a motion for reconsideration, the movant must satisfy stringent requirements."  *In re C-TC 9th Ave. P'ship v. Norton Co.*, 182 B.R. 1, 2 (N.D.N.Y. 1995).  Generally, the prevailing rule "recognizes only three possible grounds upon which motions for reconsideration may be granted; they are (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice." *Id.* at 3 (citation omitted).  "[A] motion to reconsider should not be granted where the

---

[1]Northern District of New York Local Rule 7.1(g) provides,

> Motions for reconsideration or reargument, unless Fed. R. Civ. P. 60 otherwise governs, may be filed and served no later than TEN CALENDAR DAYS after the entry of the challenged judgment, order, or decree.  All motions for reconsideration shall conform with the requirements set forth in L.R. 7.1(a)(1) and (2).  The briefing schedule and return date applicable to motions for reconsideration shall conform to L.R. 7.1(b)(2)....Motions for reconsideration or reargument will be decided on submission of the papers, without oral argument, unless the Court directs otherwise.

N.D.N.Y. R. 7.1(g).

3

moving party seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257. "[A]ny litigant considering bringing a motion for reconsideration must evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement between the Court and the litigant." *Gaston v. Coughlin*, 102 F. Supp. 2d 81, 83 (N.D.N.Y. 2000) (citation omitted).

Gaul has failed to demonstrate any of the three grounds for reconsideration. The court has reviewed the cases he has cited, but none support his request for reconsideration. He has not demonstrated an intervening change in controlling law, nor has he articulated any clear legal error.

In sum, Gaul has not alleged any ground that would induce the court to grant a motion for reconsideration. Instead, he reiterates the same arguments he made in his original motion papers. *See, e.g.*, *Banco de Seguros Del Estado v. Mut. Marine Offices, Inc.*, 230 F. Supp. 2d 427, 431 (S.D.N.Y. 2002) (denying motion for reconsideration where movant "reargue[d] the points it made during the initial briefing and...explain[ed] to the Court how its analysis is 'erroneous'"); *U.S. v. Delvi*, S12-CR-74, 2004 U.S. Dist. LEXIS 1672, at *5 (S.D.N.Y. Feb. 6, 2004) (denying motion for

4

reconsideration where movant "point[ed] to no facts or law that the Court overlooked in reaching its conclusion, and instead simply reiterate[d] the facts and arguments that the Court already considered and rejected"). A motion for reconsideration is not an opportunity for "a second bite at the apple." *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998) (citation omitted). Accordingly, Gaul's motions for reconsideration are **DENIED**.

    Mr. Gaul also seeks to strike an order of Judge Walter from the docket, apparently because he disagrees with language used by Judge Walter in that order. Gaul has offered no legal basis supporting his application, nor are there any ramifications of Judge Walter's order on the ultimate conclusions reached by this court. As this court carefully explained to Mr Gaul, it reconsidered this entire action *ab initio* and drew no conclusions from any prior decision by any court. Instead, it spent considerable time during two appearances offering Mr. Gaul a complete explanation for the rulings it made. While the court readily understands Mr. Gaul's disagreement with those rulings, the court can do no more than explain the rulings and make them. This, the court has done.

    Furthermore, the court carefully explained to Mr. Gaul that it could not

5

serve as his legal advisor, a concept he acknowledged that he fully understood during the returns. Therefore, to the extent the application also seeks legal advice, the court is without authority to provide it. Accordingly, the motion to strike and application for legal advice (*Dkt. No. 121*) are **DENIED**.

Lastly, Mr. Gaul seeks recusal. He bases this request on conclusions he reaches from Chief Judge Mordue's decision to refer his May 2 application to strike, *Dkt. No. 121*, to this court.[2] Mr. Gaul should understand that Judge Mordue did nothing more than refer an application in a pending case to the judge assigned to that case. Mr. Gaul interprets that decision as somehow impacting this court's decision on his motion for reconsideration. Of course, that conclusion is unwarranted and untrue, but the court can only tell Mr. Gaul as much - it cannot make him believe it. Therefore, the motion to recuse (*Dkt. No. 122*) is **DENIED**.

The court has explained to Mr. Gaul his remedies if he disagrees with the court's rulings, and he must avail himself of those remedies.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Gaul's motions for reconsideration (*Dkt. Nos. 118,*

---

[2]The court directs the Clerk to docket Chief Judge Mordue's May 3, 2007 referral letter.

6

*119*) are **DENIED**; and it is further

**ORDERED** that Gaul's motion to strike (*Dkt. No. 121*) is **DENIED**; and it is further

**ORDERED** that Gaul's motion seeking recusal (*Dkt. No. 122*) is **DENIED**; and it is further

**ORDERED** that the Clerk docket the May 3, 2007 letter of Chief Judge Mordue; and it is further

**ORDERED** that the Clerk provide a copy of this Order to the parties.

**IT IS SO ORDERED.**

May 7, 2007
Albany, New York

_____
Gary L. Sharpe
U.S. District Judge