**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**GLOBAL ONE COMMUNICATIONS
WORLD HOLDING B.V.,**

               **Plaintiff,**           No. 01-cv-254
                                               (GLS/DRH)

       v.

**JEFFREY GAUL,**

               **Defendant.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFF:** | |
| Abelman, Frayne Law Firm | ANTHONY J. DiFILIPPI, ESQ. |
| 666 Third Avenue | MICHAEL ASCHEN, ESQ. |
| New York, New York 10017 | RICHARD L. CRISONA, ESQ. |
| | |
| Hiscock, Barclay Law Firm | MICHAEL J. SMITH, ESQ. |
| 50 Beaver Street | |
| Fifth Floor | |
| Albany, New York 12207 | |
| | |
| **FOR THE DEFENDANT:** | |
| Jeffrey Gaul | |
| *Pro Se* | |
| 2279 Preisman Drive | |
| Niskayuna, New York 12309 | |

**Gary L. Sharpe
U.S. District Judge**

# MEMORANDUM-DECISION AND ORDER

## I. Introduction

This matter comes before the court on the plaintiff's motion for voluntary dismissal pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure (Dkt. No. 132), and the defendant's cross-motion to strike and for the imposition of costs and attorney's fees (Dkt. No. 134). For the reasons that follow, the plaintiff's motion is granted, and the defendant's cross-motion is denied.

## II. Facts and Procedural History

The history of this case is complex, but no more than a summary of events is required here. Over seven years ago, in February of 2001, Global One Communications World Holding B.V. ("Global One") commenced this action, alleging that the defendant, Jeffrey Gaul, had engaged in cyberpiracy and trademark infringement in connection with his registration of a certain internet domain name. (*See* Compl.; Dkt. No. 1.) Following a transfer of venue, a parade of judicial reassignments (including one recusal), a period of inactivity lasting approximately three years, and numerous motions and letter requests, some of which exhibited an unfortunate degree of bitterness and rancor, Global One has concluded

2

that it no longer wishes to pursue its claims.  Gaul opposes the requested dismissal.  After seven years of litigation he believes he is entitled to reimbursement for his costs.  Moreover, having come this far, he desires that the matter progress to trial so that his innocence may be established.

### III.  Discussion

**A.    Global One's Motion for Voluntary Dismissal**

Where, as here, an answer and a motion for summary judgment have been filed, and the defendant has refused to stipulate to dismissal, voluntary dismissal may only be effectuated by order of the court.  *See* FED. R. CIV. P. 41(a).  The decision whether to grant a Rule 41(a)(2) motion for voluntary dismissal lies within the sound discretion of the court.  *See Catanzano v. Wing,* 277 F.3d 99, 109 (2d Cir. 2001).  The court's decision should be informed by the following factors: (1) the plaintiff's diligence in bringing the motion; (2) any "undue vexatiousness" on the part of the plaintiff; (3) the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial; (4) the duplicative expense of potential relitigation; and (5) the adequacy of the plaintiff's explanation for the need to dismiss.  *See Zagano v. Fordham Univ.,* 900 F.2d 12, 14 (2d Cir. 1990).

3

In this case, at least three of the aforementioned factors militate in favor of dismissal.  First, Global One's conduct in this case has not been unduly vexatious.  Global's One's Complaint was not baseless or frivolous, nor has Global One engaged in any patently dilatory or inappropriate motion practice.  Gaul appears to suggest that the court cannot resolve the question of vexatiousness without first holding a trial on the merits of Global One's claims.  It is Gaul's view that if a trial were to show that his conduct was blameless, then the court would have no choice but to conclude that Global One's lawsuit was vexatious.  However, a plaintiff's view of the law may be reasonable even if it is not ultimately sustained.  Thus, in ruling that Global One's conduct has not been vexatious, the court reaches no conclusion concerning whether Global One would have prevailed on the merits had this case proceeded to trial; instead, the court simply finds that the lawsuit was filed in good faith, and that the legal arguments and litigation strategies employed by Global One were neither malicious, nor frivolous, nor otherwise improper.

On the matter of expenses, it does not appear that dismissal at this juncture would result in duplicative expenses should the case be reopened in the future.  At this time, discovery has yet to commence, and a trial date

4

has not been set.[1]  Thus, in the event that Gaul successfully appeals the dismissal of his counterclaims, and the case is remanded for trial, discovery and trial preparation will start from precisely where they left off, with no need for re-doing what has already been done.  The fact that Gaul may have expended substantial resources and efforts up to this point has no bearing on the issue of duplicative expenses, because the motions that have already been filed, argued, and decided will not have to be filed, argued, and decided again.

As to the plaintiff's explanation of the need for dismissal, it is adequate.  Since the commencement of this action, Global One has discontinued its use of the "Global One" trademark, thereby rendering its request for injunctive relief moot.  Moreover, Global One has no expectation of recovering damages from Gaul.  Accordingly, from Global One's perspective, there is little point in continuing the action.  This explanation is reasonable and betrays no sign of bad faith or ulterior motive.

Thus, three of the *Zagano* factors clearly weigh in favor of dismissal.

---

[1] Gaul claims to have expended "tremendous effort" on discovery demands.  (Def.'s Br. at 18; Dkt. No. 138.)  However, his motion to compel discovery was denied as premature.  (*See* Minute Entry; Dkt. No. 113.)  Thus, although Gaul may have to make duplicative demands in the future, this is only because his earlier discovery demands were premature.

Whether the remaining two factors favor dismissal is less clear-cut.  With respect to the plaintiff's diligence in bringing the motion for voluntary dismissal, Gaul argues that Global One should have sought voluntary dismissal years ago, when it first discontinued its use of the Global One trademark.  It is unclear from the parties' submissions exactly when Global One discontinued its use of the trademark, but the precise date is ultimately irrelevant.  Absent settlement or agreement with Gaul, Global One could not have been expected to seek voluntary dismissal of its claims so long as Gaul's counterclaims remained outstanding.  The counterclaims were not dismissed until April 5, 2007.  (*See* Oral Order dated April 5, 2007.)[2] Global One moved for voluntary dismissal on February 29, 2008.  (Dkt. No. 132.)  No explanation is provided as to why Global One did not file its motion for voluntary dismissal until nearly 11 months had elapsed from the date of the dismissal of Gaul's counterclaims.  This period of delay raises serious doubts as to Global One's diligence.  Thus, the fourth *Zagano* factor does not weigh in favor of dismissal.

      At first blush, the final *Zagano* factor – the extent to which the case

---

[2] Gaul moved the court for reconsideration of the dismissal of his counterclaims; the motion was denied on May 7, 2007.  (*See* Order; Dkt. No. 124.)

6

has progressed – might also appear to weigh against dismissal. The case, after all, has been pending for over seven years. However, as mentioned above, discovery has not commenced and trial preparation has not begun. Moreover, Global One is not solely to blame for Gaul's efforts and expenses. It has not gone unnoticed by the court that many of the motions, briefs, and letter requests submitted in this case have come from Gaul. The court does not fault Gaul for having raised counterclaims and for having vigilantly attended to his rights. Nevertheless, it remains true that the counterclaims, letters, and motions submitted by Gaul are as much to blame for the delays in this case as the conduct of Global One.

     To summarize: three of the *Zagano* factors favor dismissal; a fourth – the extent to which the suit has progressed – is somewhat inconclusive; and the fifth – the plaintiff's diligence in bringing the motion – counsels against dismissal. The factors serve as a guide, not a formula, so the mere fact that three of five weigh in favor of dismissal is not dispositive. However, the court is convinced that voluntary dismissal is appropriate here. The court is not without sympathy for Gaul's position. He has worked diligently – and at claimed great personal expense – for many years to defend himself from what he views as a meritless suit. Now the

7

plaintiff wishes to simply walk away, without providing Gaul with the opportunity to obtain the judicial vindication he seeks. However, Gaul's view of the case is myopic. Global One's claims are not as weak as he imagines, nor are his as strong. That time and resources have been wasted is indisputable, and the court attributes this to the actions of both parties, as well as the court itself. But this is no reason to "stay the course." An opportunity for extrication has presented itself, and it is in the interest of all parties that the opportunity not be squandered.

Two of Gaul's arguments warrant further discussion, briefly. First, this voluntary dismissal does not violate Gaul's Sixth Amendment right to a speedy and public trial. The Sixth Amendment has no applicability to this civil suit. Second, this voluntary dismissal does not violate Gaul's right to due process. Gaul has not cited any authority – nor is the court aware of any – providing that a civil defendant has a right to a trial even when the plaintiff no longer has any interest in pursuing its claims.

**B.    Gaul's Cross-Motion for Attorney's Fees**

The Second Circuit has noted that "[f]ee awards are often made when a plaintiff dismisses a suit *without prejudice* under Rule 41(a)(2)." *Colombrito v. Kelly,* 764 F.2d 122, 133 (2d Cir. 1985) (emphasis in

original).  However, this does not amount to a bright-line rule.  The purpose of conditioning a voluntary dismissal without prejudice on an award of fees "is generally to reimburse the defendant for the litigation costs incurred, in view of the risk (often the certainty) faced by the defendant that the same suit will be refiled and will impose duplicative expenses upon him."  *Id.*

In this case, there is only a small risk that the same suit will be refiled.  Under the terms of the proposed order submitted by Global One, the suit will be renewed "only if [Gaul] successfully appeals the dismissal of his counterclaims."  Moreover, even if Gaul successfully appeals the dismissal of his counterclaims, and Global One's claims are reinstated, there is not much risk of duplicative expense, as discovery and trial preparation have not yet commenced.

Accordingly, Gaul's request for attorney's fees and costs is denied.

## C.     **Gaul's Cross-Motion to Strike, Revise, or Redact**

Gaul has moved to strike, revise, or redact certain "slanderous assertions" and "personal attacks" contained in Global One's brief in support of voluntary dismissal.  (*See generally* Dkt. No. 134.)  Additionally, Gaul has argued that "the purported legal arguments included in [Global One's] memorandum . . . are misplaced and must be permanently striken

[sic] from the record." (*Id.*)  Addressing the latter contention first, Gaul has cited no authority for striking "misplaced" legal arguments.  If an argument is deemed to be without merit, the court will simply reject it.  It is not necessary to take the additional step of striking the argument from the record.  As to the alleged personal attacks and slanderous statements, Gaul has cited no authority for their redaction.  Moreover, the court has reviewed Global One's brief and each statement contained therein is either directly supported by the record, or is a reasonable and good-faith characterization of the facts.  Accordingly, Gaul's cross-motion to strike, revise, or redact is denied.

### D.   Gaul's Letter Motion Regarding Global One's Reply Brief

By letter motion dated April 22, 2008, Gaul requested that the court disregard Global One's reply brief on the grounds that it was untimely. (Dkt. No. 140.) However, Global One's reply brief was filed on April 16, 2008, which was the deadline fixed by the court.  (*See* Order dated March 27, 2008; Dkt. No. 135.)  Gaul also argued that it would be unfair for the court to consider Global One's reply brief, since Gaul was not given the opportunity to submit a sur-reply.  However, this is the result dictated by the Local Rules.  *See* N.D.N.Y. R. 7.1(c).  Moreover, the court does not

perceive any unfairness in this case.  The same arguments concerning fees and costs that were made in Gaul's brief in support of his cross-motion were also made in his response brief to Global One's motion.  Thus, Gaul had ample opportunity to present his views concerning fees and costs. Additionally, Gaul's arguments concerning Global One's personal and slanderous attacks were so lacking in merit that a sur-reply would have been fruitless, even if permitted under the Local Rules.  Accordingly, the relief requested in Gaul's letter motion is denied.[3]

**WHEREFORE,** for the foregoing reasons, it is hereby

**ORDERED** that Global One's motion (Dkt. No. 132) for the dismissal of the claims in its Complaint, without prejudice, and with each party bearing its own costs and fees, is GRANTED; and it is further

**ORDERED** that the claims in the Complaint are dismissed, subject to reinstatement or renewal only if Gaul successfully appeals the court's earlier dismissal of his counterclaims; and it is further

**ORDERED** that Gaul's cross-motion (Dkt. No. 134) for attorney's fees and costs and to strike, revise, or redact certain statements in Global One's

---

[3]In the April 22, 2008 letter, Gaul also requested that he be provided with free transcripts of prior hearings.  (*See* Dkt. No. 140.)  Gaul's entitlement to this relief is addressed in a separate opinion.

11

brief, is DENIED; and it is further

**ORDERED** that the relief requested in Gaul's letter request (Dkt. No. 140) is DENIED.

**IT IS SO ORDERED.**

Albany, New York
Dated: July 16, 2008

_____
Gary L. Sharpe
U.S. District Judge